**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**


CIVIL ACTION NO. 2009-185(WOB-JGW)

MELISSA ALTMAN, As Next Friend of
Her Minor Children, K.A., L.D.
And E.D.                                    PLAINTIFFS

VS.                      <u>MEMORANDUM OPINION</u>
                              <u>AND ORDER</u>

GRANT COUNTY SCHOOL DISTRICT,
ET AL.                                      DEFENDANTS


        This matter is before the Court on Defendants' Motion for
Summary Judgment (Doc. 32).  The Court heard oral argument on
this motion on March 7, 2012, after which it took the motion
under submission.

        The Court now issues the following Memorandum Opinion and
Order.  For the reasons stated, the Court concludes that
Defendants' Motion should be granted.

        In her Memorandum in Opposition to the Motion for Summary
Judgment, Plaintiff's sole contention is that she was denied
certain discovery, rendering her unable to successfully respond
to the Motion for Summary Judgment.  She fails to cite any
factual materials or testimony contained within the record in
response to Defendants' motion.

## **Discovery Issue**

Plaintiff argues she was wrongfully denied several un-redacted student files.[1]  Plaintiff originally sought these files through a Motion to Compel, (Doc. 23), which the Magistrate Judge granted to the extent that the parents of the students whose files Plaintiff sought did not object to the production. (Doc. 29).  Of the original thirteen files requested, parents of seven of the students objected, and so only the other six files were produced.

Thereafter, Defendants filed their Motion for Summary Judgment on August 5, 2011.  (Doc. 32).  On September 7, 2011, the Magistrate Judge held a telephonic conference with the parties, where Plaintiff continued to demand the remaining six files over the parental objections.  (Doc. 34).  During this conference, the Magistrate Judge asked Plaintiff whether she required additional discovery to respond to the Motion for Summary Judgment.  She responded that she did not.[2]

Ultimately, on September 15, 2011, the Magistrate Judge denied Plaintiff's Motion to Compel to the extent that it requested production of the student records over the objection

---

[1] It appears she received the redacted student files at issue.

[2] This response would presumably encompass the outstanding student files, as whether these student files would ultimately be produced remained undecided at that time.

of the parents.  (Doc. 35).  These are the student files Plaintiff currently seeks.

On October 28, 2011, Plaintiff simultaneously filed a Response to the Motion for Summary Judgment (Doc. 38) and a Motion to Reconsider the denial of the Motion to Compel (Doc. 39).  The latter motion was addressed to the Magistrate Judge.

Rule 72(a) provides that a plaintiff may file objections to a magistrate judge's order on a nondispositive matter within fourteen days, and that "a party may not assign as error a defect in the order not timely objected to."

In the matter at hand, Plaintiff did not file objections to the Magistrate Judge's order.  However, she now contends that her Memorandum in Opposition to the Motion for Summary Judgment should be construed as such.

Even if the Court were to construe Plaintiff's Memorandum in Opposition as objections to the Magistrate Judge's order, these purported objections are untimely.  The Magistrate Judge denied Plaintiff's Motion to Compel on September 15, 2011, while Plaintiff did not file her Memorandum in Opposition until October 28, 2011.  This is well outside the fourteen days provided under Rule 72(a) and, therefore, the objections cannot be considered.  *See Pinkerton's Inc. v. Shelly Pinkerton Corp.*, 191 F.3d 453 (6th Cir. 1999) (unpublished table decision) (citing *Stemler v. City of Florence*, 126 F.3d 856, 866 n.9 (6th

1997))(recognizing that failure to appeal the magistrate's order to the district judge in the requisite time waives any claim of error); *JP Morgan Chase Bank v. Neovi, Inc.*, No. 2:06-cv-0095, 2007 WL 1875928, at *4 (S.D. Ohio June 20, 2007)(refusing to consider a party's untimely objection to a magistrate's discovery order). *See also* 14 *Moore's Federal Practice*, § 72.11[1][a] (Matthew Bender 3d ed. 2002) (noting that, because "Rule 72(a) authorizes a magistrate judge to enter a final order on a nondispositive pretrial matter, a district judge does not have inherent authority to review such an order unless an objection is filed").

Furthermore, Plaintiff makes no effort to show excusable neglect under Federal Civil Rule 6(b).  In fact, she represented to the Magistrate Judge that she did not need additional discovery to respond to the summary judgment motion.

The Court notes that, even if it were to consider the objections, it would affirm the Magistrate Judge's order. Review of an objection to a magistrate judge's nondispositive, pretrial order is limited to whether the order was "clearly erroneous or contrary to law."  Rule 72(a).

The Court has reviewed the Magistrate Judge's order and concludes that it is neither clearly erroneous nor contrary to law.

Accordingly, Plaintiff is not entitled to the discovery she seeks.

## The Motion for Summary Judgment

As noted above, Plaintiff's sole response to the pending motion was that she required discovery to successfully respond. She did not to cite to the record or provide opposing case law to rebut Defendants' factual or substantive assertions.  She has also represented that she can make no meritorious response to the documents now in the record.

Federal Rule of Civil Procedure 56 (c) provides in relevant part:

> (1)Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> . . .
>
> (3) Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.

As Plaintiff has not challenged Defendants' motion with citations to the record, she has failed to properly support her contention that a genuine issue of material fact exists.  The

Court notes that she has made no use of the materials that she does have available.  Therefore, the Court is permitted to accept the Defendants' assertion of the facts as undisputed and grant the motion if otherwise proper.  *See* Fed. R. Civ. P. 56(e)(2),(3).

Concluding that it is, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 32), be, and is hereby, **GRANTED**.  A separate judgment shall enter concurrently herewith.

This 12th day of March, 2012.



**Signed By:**

*William O. Bertelsman* WOB

**United States District Judge**